The Salvation Army v. Frankenstein.

*Municipal corporations—Zoning ordinance—Motion picture theater not nuisance per se—Maternity hospital not "church" although religious services conducted therein— Zoning lines on official plat accepted by court, when— Construction of building not enjoined because use may be nuisance.*

1. When moving picture theater is permitted in designated zone under municipal zoning law, such building is not *per se* nuisance.
2. That religious services are conducted in building used for maternity hospital *held* insufficient to classify property as a "church," within meaning of ordinance providing that permit to operate theater within 300 feet of church may be refused.
3. In absence of proof to show change in zone line, since adoption of zoning plan, Court of Appeals must accept lines of various zones as they presently exist on official zoning plat.
4. Claim that use of building for moving picture theater will necessarily be nuisance *held* insufficient ground to enjoin construction.

(Decided June 28, 1926.)

Appeal: Court of Appeals for Hamilton county.

*Mr. Sylvester Hickey, Mr. J. Paul Geoghegan,* and *Mr. E. R. Heisel,* for plaintiffs.

*Mr. Eli G. Frankenstein* and *Messrs. Matthews & Matthews,* for defendant.

*Mr. Alfred Bettman,* for United City Planning Commission.

Buchwalter, P. J.  The plaintiffs, the Salvation Army, operating the Catherine Booth Home for

Girls of Cincinnati, aver that they are the owners
of property located on Beecher street, Walnut
Hills, in the city of Cincinnati; that the defendant,
Eli G. Frankenstein, is the owner of the property
at the northwest corner of Beecher street and
Gilbert avenue, located less than 150 feet from
the property.line of these plaintiffs. They further
state that the defendant has begun the excavation
of a theater building on Beecher street, which is
a residence street, under color of a permit, and
is proceeding with said excavation, and with the
erection of a theater, as per a revised permit and
plans filed December 31, 1925, under Section 341
of the Building Code of the city of Cincinnati,
and that a permit for such revised theater has not
issued under the requirements of the said section.

Plaintiffs claim to have no adequate remedy at
law and that defendant is proceeding under color
of the permit issued April 17, 1925, to erect a
building not covered by the permit; that the ap-
plication and revised plans for the alteration of
the original permit were approved by an assistant
in the office of the building commissioner January
8, 1926, but no second or amended permit was
issued; that plaintiffs filed an appeal with the
zoning board of appeals, and that the defendant
is unlawfully proceeding with the work; that the
action of the defendant is contrary to the pro-
visions of the ordinance referring to offensive
noises and vibrations; that it is within 250 feet
of a hospital, and that it constitutes a nuisance;
that the issuing of the permit is unwarranted
by the zoning act; that the zoning classification
is arbitrary, and is contrary to the Constitution

of the United States and of the state of Ohio; that the specifications for such theater are contrary to the Building Code of Cincinnati and the laws of Ohio; that the plans provide for accommodations for music, and that such music would be heard by patients in the hospital less than 250 feet distant, and constitute a nuisance.

An injunction is prayed for.

The defendant, by answer, admits ownership of the property; admits he is about to erect a theater, by virtue of a certificate of occupancy, building permit, and written approval of the plans and specifications submitted, and approved by the building commissioner; denies that the property is located less than 150 feet from the property line of the plaintiffs; denies that said building is within 250 feet of plaintiffs' property; and denies all other allegations of the petition.

The reply of the plaintiffs is a denial of the defendant's certificate of occupancy and of a building permit issued according to law.

The constitutionality of the zoning ordinance, as such, has been settled by the case of *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30; *Id.,* 113 Ohio St., 706, 150 N. E., 756.

The evidence shows that the plaintiffs conduct a maternity hospital on Beecher street; that store buildings have been erected at the corner of Gilbert and Beecher streets; and that defendant is erecting a theater on that portion of the lot owned by him, behind the stores, with a frontage on Beecher street.

The building commissioner, called by the plaintiffs, testified that a certificate of occupancy was

issued, and the building permit for the amended plans issued, according to the usual practice in his office.

Some evidence was introduced to the effect that certain noises would be detrimental to the health of the mothers and babies in above-mentioned institution.

All orders of the building commissioner have been complied with, and the plans and specifications satisfied the commissioner that they were in all respects regular.

It was further shown that the building is being erected in what, under the zoning plan, is known as a "business A district," and, further, that the erection of a moving picture theater is permitted in the zone designated as a "business A district." When such a building is permitted under the zoning law, as applied to that district, it could hardly be contended that such building is *per se* a nuisance.

As to the complaint that the building would violate the quiet zone ordinance, it is admitted in the briefs of plaintiffs that the walls of the theater are one foot and 8 inches more than 250 feet distant from the hospital building itself. It is further admitted that the walls of the theater will be 154 feet 8 inches from the hospital grounds, or the lot line of the plaintiffs.

Even if a quiet zone had been declared on Beecher street, with reference to the hospital, the evidence shows that this building would not be within the 250 feet, as stated in the ordinance.

It was further contended that the structure would violate the ordinance in reference to granting a license to operate a theater within 300 feet

of a church. This ordinance provides that the mayor may refuse a permit under certain conditions for the operation of a theater within 300 feet of a church, but does not provide against the erection of a building. Nor is the evidence such as to warrant any court in classifying as a church a property used for a maternity hospital, in which religious services are from time to time conducted. Religious services are held in many homes and many institutions, but they do not thereby change the character of the home or institution so that it becomes a church edifice.

It is further contended that the classification was arbitrary, discriminatory, and unreasonable.

Plaintiffs are located in what is known as a "residence C district," and might make complaint if their property was included in a business district. But we find nothing in the evidence to warrant a finding that the inclusion of this property in a "business A district" was either arbitrary, discriminatory, or unreasonable.

It is claimed further that the line as originally made was not the same as the line that exists on the official zoning plat at the present time, and that when the plat was originally drawn it did not include the entire lot now owned by Frankenstein. In the absence of proof to show a change in this line since the adoption of the zoning plan, we must, of necessity, accept the lines of the various zones as they exist on that plat to-day, especially when the evidence presented is to the effect that the lines have been unchanged.

We have considered the question of the permit,

and hold that the defendant has a proper permit, authorizing him to proceed.

The only question remaining is the question of nuisance. Many authorities are cited as to what constitutes a nuisance. Plaintiffs do not contend that the building is a nuisance *per se,* but claim that the use, for the only purpose contemplated, will necessarily be a nuisance.

Provision is made under the ordinance of the city for the obtaining of a permit to conduct a theater. A permit may not be issued, if in the opinion of the proper authorities it would be improper to conduct a theater at this place. Avoidable noises and objectionable acts may be, if they themselves constitute a nuisance, properly suppressed.

The construction of a building and the method of operation after construction are two different questions.

If the theater as operated proves to be offensive, the plaintiffs will have protection under the police powers of the city, and the mayor may revoke the license; and, if these should fail, the plaintiff might then be in a position to maintain a proceeding in equity for relief.

Whether having a motion picture theater at this particular place is desirable or not, or whether in our judgment we should consider that it should be placed elsewhere, are questions not now before us. The only question we can pass upon is the legal right of the defendant to erect the building at the place in question under the present plans and specifications.

On the issues we find for the defendant, and therefore deny the injunction.

*Injunction denied.*

Hamilton and Cushing, JJ., concur.